IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| WOLVERINE BARCODE IP LLC,<br><br>            Plaintiff,<br><br>  v.<br><br>7-ELEVEN, INC.,<br><br>            Defendant. | **Civil Action No.: 7:25-cv-00207-DC-DTG**<br><br>**JURY TRIAL DEMANDED** |

## 7-ELEVEN, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant 7-Eleven, Inc. ("Defendant") files this Answer and Affirmative Defenses to Plaintiff Wolverine Barcode IP LLC's ("Plaintiff") Complaint for Patent Infringement. Defendant denies all allegations in the Complaint unless specifically admitted herein. To the extent the headings and figures in the Complaint are construed as allegations, they are each denied. Defendant's answers are based on Defendant's investigation to date. Defendant reserves the right to amend or supplement its Answer and Defenses to Plaintiff's Complaint in accordance with this Court's scheduling order, should Defendant discover new, relevant facts, or information during the course of its continued investigation of this matter. Defendant reserves the right to raise additional defenses and counterclaims based on discovery and further factual investigation in the case.

## THE PARTIES

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

2. Defendant admits that it is a corporation organized and existing under the laws of the State of Texas and that it has a principal office in Irving, Texas. Defendant also admits that it

1

may be served via its registered agent, Corporate Creations Network, Inc. located at 5444 Westheimer, Suite 1000, Houston, Texas 77056. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq*. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Defendant does not contest that the Court has personal jurisdiction over it in this case. Defendant admits that it conducts business in the State of Texas. Defendant denies it has committed or is committing acts of infringement within this district or elsewhere. To the extent that Paragraph 4 includes any additional allegations, Defendant denies them.

5. Defendant does not contest that venue is proper in this case. Defendant denies it has committed or is committing any acts of infringement within this district or elsewhere. To the extent that Paragraph 5 includes any additional allegations, Defendant denies them.

## INFRINGEMENT – Infringement of the '689 Patent

6. Defendant admits that a purported copy of U.S. Patent No. 9,280,689 ("the '689 patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Method and Apparatus for Doing Offline Commerce Transactions." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of the Complaint, and therefore denies them.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that a chart is attached to the Complaint as Exhibit B, but denies it has committed or is committing any acts of infringement. Defendant is without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint, and therefore denies them.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

## JURY DEMAND

Defendant states that no response is required. To the extent that any response is required, Defendant denies the allegations in this Paragraph of the Complaint.

## CONDITIONS PRECEDENT

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies them.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies them.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies them.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies them.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies them.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies them.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies them.

**PRAYER FOR RELIEF**

To the extent any response is required to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Without altering the proper burden of proof on any issues, Defendant states the following defenses and affirmative defenses. By doing so, Defendant does not concede that any of the following must necessarily be pleaded as affirmative defenses or that any of the following is not already at issue by virtue of the foregoing denials. Defendant reserves the right to assert additional defenses and affirmative defenses that may be discovered and/or substantiated during the course of this litigation.

**FIRST AFFIRMATIVE DEFENSE**
**(Patent Non-Infringement)**

Defendant has not infringed and does not infringe, directly or indirectly, any valid, enforceable, and properly construed claim of the '689 Patent, literally or under the doctrine of equivalents. Further, Defendant has not performed any act in violation of any rights purportedly belonging to Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**
**(Patent Invalidity, Ineligibility, and Unenforceability)**

The claims of the '689 Patent are invalid, ineligible, or unenforceable for failure to satisfy one or more of the requirements of patentability set forth in 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention.

4

## THIRD AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel/Disclaimer)**

On information and belief, Plaintiff's claims are barred, in whole or in part, based upon prosecution history estoppel, prosecution history disclaimer, and/or internally inconsistent litigation positions Plaintiff has explicitly or implicitly taken with respect to the '689 Patent or related patents in proceedings before the USPTO during the prosecution of these patents. Plaintiff is estopped and precluded from asserting its claims against Defendant for patent infringement under the doctrine of prosecution history estoppel based on statements, representations, and/or admissions made during prosecution of the '689 Patent.

## FOURTH AFFIRMATIVE DEFENSE
**(Ensnarement)**

On information and belief, Plaintiff's infringement claims are barred by the doctrine of ensnarement. Plaintiff is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

## FIFTH AFFIRMATIVE DEFENSE
**(Limitation on Damages)**

Defendant has engaged in all relevant activities in good faith, thereby precluding Plaintiff from recovering increased damages under 35 U.S.C. § 284.

## SIXTH AFFIRMATIVE DEFENSE
**(No Exceptional Case)**

Defendant has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Notice)

To the extent that Plaintiff failed to properly mark any of its relevant products, as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringed the '689 Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice thereof. Upon information and belief, Plaintiff's claims for recovery of alleged damages are barred or limited, in whole or in part, prior to the date on which Defendant received actual notice of Plaintiff's allegations of infringement concerning the '689 Patent, including under 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Costs)

Plaintiff's claims for costs are barred and/or limited under 35 U.S.C. § 288 for failure to disclaim any invalid claim(s) before commencing this action.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

Plaintiff fails to state a claim upon which relief can be granted including, but not limited to, its failure to meet the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Defendant has not undertaken, performed, induced, or contributed to any act that is in violation of any rights validly belonging to Plaintiff.

## RESERVATION OF DEFENSES

Defendant expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled, including all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses that may now exist or in the future be available based on discovery or further factual investigation in this case.

DATE: July 28, 2025

Respectfully Submitted,

/s/ *Sid V. Pandit*
Siddhesh V. Pandit, VA Bar No. 75,686 (admitted to practice in the WDTX)
svp@maierandmaier.com
Timothy J. Maier, VA Bar No. 46,354 (*pro hac vice*)
tjm@maierandmaier.com
Michael R. Casey, VA Bar No. 43,919 (*pro hac vice to be submitted*)
mrc@maierandmaier.com

**MAIER & MAIER PLLC**
345 South Patrick Street
Alexandria, VA 22314
(703) 740-8322 (phone)
(703) 991-7071 (fax)


Thomas J. Gohn
(TX Bar No. 24097742)
tjg@maierandmaier.com

**MAIER & MAIER PLLC**
8750 N. Central Expressway
Suite 1850
Dallas, Texas 75231
(703) 740-8322 (phone)
(703) 991-7071 (fax)

***Attorneys for Defendant 7-Eleven, Inc.***

7

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on July 28, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

By:   /s/ *Sid V. Pandit*
      Siddhesh V. Pandit