IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **WOLVERINE BARCODE IP, LLC,**<br>　　　**Plaintiff,**<br><br>v.<br><br>**7-ELEVEN, INC.,**<br>　　　**Defendant** | Civil Action No. 7:25-cv-00207-DC-DTG<br><br>**JURY TRIAL DEMANDED** |

### JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

1. **Are there any outstanding jurisdictional issues?**

   Defendant anticipates moving to transfer to the Northern District of Texas under 28 U.S.C. § 1404.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   None.

3. **What are the causes of action, defenses, and counterclaims pled?**

**Plaintiff's Statement:**

This is a case alleging patent infringement. Plaintiff, Wolverine Barcode IP, LLC, ("Wolverine") filed its Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,280,689 ("the '689 patent"), (referred to as the "Patent-in-Suit") by 7-Eleven, Inc. ("Defendant" or "7-Eleven"). The elements of patent infringement are (1) Ownership of a valid patent and (2) Infringement of the patent by the defendant. Patent infringement consists of:

- Unauthorized making
- Using

- Offering for sale
- Selling any patented invention within the United States
- Importing into the United States any patented invention during its term.

**Defendant's Statement:**

Defendant contends that it does not infringe the '689 Patent and the claims of the '689 Patent are invalid. Defendant seeks attorney's fees pursuant to 35 U.S.C. § 285.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

    None.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

    - 26(f)(3)(A): Initial disclosures have not been made at this time. The parties have agreed to an initial disclosure date as set forth in the accompanying [proposed] Case Management Schedule.

    - 26(f)(3)(B): Subjects for discovery include, but are not limited to: Defendant's Accused Instrumentality, including revenue received from sales and structure and function of the Accused Instrumentality. Defendant's knowledge of the Patent-in-suit. Plaintiff's structure and finances; prior licenses and agreements concerning the asserted patents; prior art to the asserted patents; the alleged conception and reduction to practice of the purported inventions; and Plaintiff's licensing practices and history. Discovery should be completed in line with the accompanying [proposed] Case Management Schedule.

- 26(f)(3)(C): The parties do not anticipate issues as to disclosure or discovery subject to the entry of a protective order. ESI should be produced with metadata, which can be agreed upon by the parties.

- 26(f)(3)(D): There are no issues about claims of privilege. The parties will address inadvertent disclosure of privileged information in a protective order.

- 26(f)(3)(E): The parties intend to abide by the limits to discovery as set forth in the FRCP and Local Rules.

- 26(f)(3)(F): There are no other orders outside of the accompanying [proposed] Case Management Schedule that the Court should issue under Rule 26(c) or under Rule 16(b) or (c) at this time.

6. **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

   Discovery has not yet opened in this matter.

7. **What, if any, discovery disputes exits?**

   At present, there are no disputes.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

   The parties will address inadvertent disclosure of privileged information in a protective order.

9. **Have the parties discussed early mediation?**

   No.

10. **Are there any pending motions, and if so, does either party desire a hearing?**

    There are no motions currently pending before the Court.

| | |
|---|---|
| /s/ *William P. Ramey, III* | 09/15/2025 |
| William P. Ramey, III | Date |
| Texas Bar No. 24027643 | |
| 5020 Montrose Blvd., Suite 800 | |
| Houston, Texas 77006 | |
| (713) 426-3923 (telephone) | |
| (832) 900-4941 (fax) | |
| wramey@rameyfirm.com | |

*Counsel for Plaintiff*

DATE: September 15, 2025

Respectfully Submitted,

/s/ *Sid V. Pandit*
Siddhesh V. Pandit, VA Bar No. 75,686 (admitted to practice in the WDTX)
svp@maierandmaier.com
Timothy J. Maier, VA Bar No. 46,354 (*pro hac vice*)
tjm@maierandmaier.com
Michael R. Casey, VA Bar No. 43,919 (*pro hac vice to be submitted*)
mrc@maierandmaier.com

**MAIER & MAIER PLLC**
345 South Patrick Street
Alexandria, VA 22314
(703) 740-8322 (phone)
(703) 991-7071 (fax)


Thomas J. Gohn
(TX Bar No. 24097742)
tjg@maierandmaier.com

**MAIER & MAIER PLLC**
8750 N. Central Expressway
Suite 1850
Dallas, Texas 75231
(703) 740-8322 (phone)
(703) 991-7071 (fax)

*Attorneys for Defendant 7-Eleven, Inc.*